```
        IN THE UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF ARKANSAS
                HOT SPRINGS DIVISION
```

JAMES NJEN'GERE                                        PLAINTIFF

v.                      Case No. 07-6038

JOHN MEASEL, Individually and
in his official capacity as
Director of the ASMSA                                  DEFENDANT

### ORDER

Now before this Court are Defendant's Motion to Dismiss and Brief in Support (Docs. 16-17) and Plaintiff's Response (Doc. 18).

Plaintiff filed his Complaint on May 31, 2007 (Doc. 1). On June 29, 2007, the Court issued an Initial Scheduling Order specifying that the parties' Rule 26 Meeting Report is due by September 14, 2007 and scheduled a trial for April 21, 2008.

On July 12, 2007, Plaintiff's counsel filed a motion to withdraw which the Court granted on July 16, 2007 notifying Plaintiff he had thirty (30) days from that date to notify the Court if he intends to proceed *pro se* or if he retains new counsel. Plaintiff failed to comply with the Court's Order and on August 13, 2007 filed a motion requesting the Court to appoint counsel to represent Plaintiff (Doc. 9).

On August 28, 2007, the Court denied Plaintiff's Motion (Doc. 12) finding Plaintiff has the ability to investigate facts and to present his claim and that Plaintiff as a *pro se* litigant is not entitled to appointed counsel. *See Stevens v. Redwing*,

146 F.3d 538 (8th Cir. 1998)(pro se litigant has no statutory or constitutional right to have counsel appointed in civil case). The Court directed Plaintiff to either retain counsel or to advise the Court he intends to proceed *pro se* within ten (10) days from the date of that Order. The Court further advised Plaintiff that failure to comply with the order might result in dismissal of his Complaint.

Rather than complying with the Court's Order, Plaintiff filed a motion seeking additional time to obtain counsel advising the Court that he has neither the time nor the financial ability to pursue this case at this time. The Court granted that Motion, and gave Plaintiff until September 17, 2007, to obtain counsel to enter an appearance on his behalf or to advise the Court he is proceeding *pro se*. The Court advised Plaintiff that no additional extensions would be granted, and that failure to comply with this Order would result in the dismissal of Plaintiff's Complaint for failure to prosecute (Doc. 15).

On September 18, 2007, Defendant filed the current motion to dismiss for Plaintiff's failure to comply with the Court's Order. On September 20, 2007, Plaintiff filed a response stating again that he has neither the time nor the financial resources at this time to pursue this action (Doc. 18). Plaintiff neither obtained counsel to represent him nor did he advise the Court he is proceeding *pro se*. Accordingly,

Plaintiff leaves the Court with no choice but to dismiss his Complaint for failure to prosecute and to comply with the orders of this Court.  Defendant's Motion to Dismiss (Doc. 16) is GRANTED, and Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.

    IT IS SO ORDERED this 24th day of September 2007.

                                        /s/ Robert T. Dawson
                                        Honorable Robert T. Dawson
                                        United States District Judge